**Albert BYOURDI, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74800.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 17, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument, Fed. R.App. P. 34(a)(2), and Byourdi's request for argument is denied.

Melanie M. Yang, Esq., Rose, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Albert Byourdi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider and reopen removal proceedings, in which he alleges ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we deny the petition for review.

Byourdi raised the allegation that his first counsel, Ahmed M. Abdallah, was ineffective in a motion to reopen filed with the Immigration Judge ("IJ") by his second counsel, Eric Avazian. In denying the motion, the IJ noted that Byourdi had not submitted an application for asylum and withholding of removal. In affirming this denial, the BIA repeated that Byourdi "has not provided any information on appeal or to the Immigration Judge which explains why he believes it is more likely than not that he will be persecuted if he returns to Iran."

It was only after this BIA decision that Byourdi submitted an asylum application. Byourdi has not explained why he did not apply earlier. In these circumstances, the BIA did not act arbitrarily, irrationally, or contrary to law in concluding that Byourdi "had the opportunity to raise this claim and submit the application in the motion to reopen before the Immigration Judge, but failed to do so." *See id.*

Nor did the BIA abuse its discretion in determining that Byourdi's motion "does not state errors of fact or law, supported by pertinent authority, in the Board decision that would warrant [reconsideration]." *See* 8 C.F.R. § 1003.2(b)(1).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.